Caldwell, Cummings & Co. *v.* S. M. McElroy.

CALDWELL, CUMMINGS & CO. *v.* S. M. McELROY.

1. ACCOUNT. *From another county. Set off to. Oath. Partnership.*
In a suit upon a sworn account from another county, not de-
nied under oath, for freight and charges on goods shipped, a
surviving partner may plead by way of set-off to such account
a partial loss of the *identical* goods.
Code, § 2918.

FROM LINCOLN.

Appeal from the Circuit Court. WM. P. HICK-
ERSON, Judge.

CALDWELL & WARDER for Coldwell, Cummings
& Co.

BOYLES & BURNAM for McElroy *et al.*

SNEED, J., delivered the opinion of the Court.

The plaintiffs were commission merchants in the
town of Shelbyville, and the defendant is the surviv-
ing partner of the firm of McElroy, McKinney &
Miller, late merchants and druggists in the town of
Fayetteville. The plaintiffs brought this action against
McElroy & McKinney in 1861, as the surviving part-
ners of the late firm of McElroy, McKinney & Mil-
ler, upon an account verified under the Statute as an
account coming from another county, the plaintiffs
residing in the County of Bedford, and the defend-
ants in the County of Lincoln, where the action was

Caldwell, Cummings & Co. *v.* S. M. McElroy.

brought. The justice of the account was not disputed under oath, but the defendants relied upon the defence of set-off. The account is for freights advanced and shipment charges upon divers merchandize received by the plaintiffs for defendants at Shelbyville, and forwarded to defendants at Fayetteville.

The motion of set-off relied on is, the value of certain goods thus alleged to have been shipped, and which were never received by the defendants. The value of the goods thus lost is shown to be largely in excess of the plaintiffs' demand, and upon two trials the verdict gave the plaintiff the amount of his account, but allowed the set-off, and upon the last trial judgment was rendered accordingly, from which the plaintiffs have appealed in error.

It is insisted that the loss of the goods is not legitimate matter of set-off. The lost goods were spirituous liquors, in barrels, of a determinate and ascertained quantity and value, and the quantity and value thereof is clearly established by the proof.

If the plaintiffs contracted for the shipment of goods to the defendant, of which the lost goods were a portion, and brings his action for freight and charges upon the whole, there can be no question that the loss of part of the goods is matter arising out of the plaintiffs' demand, and for which the defendant would be entitled to recover in a cross-action, in the sense of the Statute. 2 Thomp. & Steg. Stat., § 2918. And we think it is equally clear that the surviving partner under the facts of this

case has the same right to avail himself of this matter of set-off that the firm would have had. The only difficulty we have in the case is upon the proof. The evidence does not very clearly identify the particular goods alleged to have been lost as having come into the possession of the plaintiffs, and the proof on their part is very positive that all the goods ever received during the years in which the account sued on accrued were duly and promptly forwarded in wagons, the usual mode of transportation, and as instructed by the defendants, to them at Fayetteville.

In this condition of the proof, we think the verdict is not sustained. The judgment must therefore be reversed and a new trial awarded, in which these matters may be rendered more clear.